HENRY V. WALKER, APPELLANT, v. MAAS & WALDSTEIN COMPANY, RESPONDENT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *McCarter & English.*

For the respondent, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was nonsuited at the Circuit upon the following state of facts: He sued for an unpaid balance of a salary of $22,000 per annum, claimed to be due to him as president of the defendant company, in which he was a stockholder and director. His salary was fixed at $24,000 per annum, payable in monthly installments of $2,000. He received his payment of $2,000 for the month of January, and instituted this suit to recover the balance claimed to be due for the year 1925. He was duly removed from his office on February 2d, 1925, by a vote of the board of directors, the legality of which action he contested on *quo warranto* proceedings in the Supreme Court, where the action of the board was upheld. *State* v. *Maas et al.*, 132 *Atl. Rep.* 322; 3 *N. J. Mis. R.* 230. His duties were of a supervising character as president and general manager of the company, and were generally described as duties arising from his position as president and manager of the company. The plaintiff's claim for the month of February was conceded, and the court directed a verdict for that amount, but nonsuited him as to the balance of the claim, upon the ground that in virtue of section three of the by-laws of the defendant company, which furnished the tenure of the plaintiff's official employment, his right to the salary ceased with the termination of his office as president. That section provided that "all officers and agents shall be subject to removal at any time by the affirmative vote of a majority of the whole board of directors."

The legal effect of that section having been determined by the Supreme Court in the *quo warranto* proceedings, as conferring "a sweeping power of removal on the board of directors," when procured, as in this instance, by a majority vote, the plaintiff, now upon the doctrine of *res adjudicata,* occupies in the case, *sub judice,* the legal status of an officer or agent, lawfully removed on February 2d, 1925. His claim, therefore, under the terms of his employment was properly limited by the learned trial court to the amount due for the month of February, which had accrued at the time of his removal. This result would inevitably follow whether we view the

status of the plaintiff as an agent appointed under the provisions of the by-laws, or as an officer in receipt of a stated salary, subject in either capacity to the power of removal, vested in the board of directors, of which power he must be assumed to have notice, and under the terms of which he must be presumed to have accepted the office, with its emoluments. In such a situation his right to the salary ceased with the legal termination of his official status. *Gear* v. *Hoboken, 27 N. J. L. 263, 277.*

The judgment appealed from will therefore be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.